

**FILED**

JUN 16 2015

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>SPANISH PEAKS HOLDINGS II, LLC,<br>                      Debtor. | Bankruptcy Case No. 12-60041 |
| PINNACLE RESTAURANT AT BIG SKY, LLC; MONTANA OPTICOM, LLC,<br><br>                      Appellants,<br><br>vs<br><br>CH SP ACQUISITIONS, LLC; ROSS P. RICHARDSON, Ch. 7 Trustee,<br><br>                      Appellees. | No. CV-14-40-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## BACKGROUND

On November 30, 2006, Citigroup Global Markets Realty Corp. ("Citi") loaned Spanish Peaks Holding II, LLC's ("SPH II") predecessor, Spanish Peak

Holdings, LLC ("SPH"), $130,000,000 secured by a mortgage on real property in Madison and Gallatin Counties, Montana. The mortgage was recorded that same day. The mortgage was later amended and was eventually assigned to CH SP Acquisitions, LLC ("CHSP") on April 19, 2013.

Spanish Peaks Development, LLC ("SPD") and SPH entered into a lease ("2007 Restaurant Lease") for property subject to the mortgage in Madison County, Montana ("the Restaurant Property") on December 14, 2007. On December 12, 2008, SPD assigned the 2007 Restaurant Lease to Pinnacle Restaurant at Big Sky, LLC ("Pinnacle"). An abstract of the 2007 Restaurant Lease giving notice was recorded in Madison County on December 30, 2008. On January 1, 2009, SPH leased other real property subject to the mortgage to Montana Opticom, LLC ("the Telecommunication Property"). The Telecommunication Property Lease was not recorded.

SPH II, Spanish Peaks Lodge, LLC, and the Club at Spanish Peaks, LLC (collectively, the "Debtors"), commenced Chapter 7 proceedings in Delaware. The cases were transferred to Montana in January 2012. Ross P. Richardson was appointed as Chapter 7 Trustee ("Trustee").

In June 2013, Trustee sold the property subject to the original mortgage and the lessee leases to CHSP to satisfy Debtors' debts. CHSP later asked the

Bankruptcy Court to determine that the sale to CHSP was free and clear of the 2007 and 2009 leases. The Bankruptcy Court so ruled on March 10, 2014. This appeal followed.

## JURISDICTION

This Court has appellate jurisdiction to review final orders of the Bankruptcy Court under 28 U.S.C. § 158(a).

## STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are reviewed for clear error.[1] Its conclusions of law are reviewed de novo.[2] Mixed questions of law and fact are reviewed de novo.[3]

## ISSUE PRESENTED

Numerous arguments in favor of and in opposition to the parties' respective positions in this appeal were advanced both in the briefs and during an extended hearing on the merits held June 9, 2015. Nevertheless, resolution of a single issue is dispositive:

Did the Bankruptcy Court err in holding that the sale of debtors' real

---

[1] See In re Pomona Valley Medical Group, Inc., 476 F.3d 665, 670 (9th Cir. 2007).

[2] See In re Rains, 428 F.3d 893, 900 (9th Cir. 2005).

[3] See Hernandez v. Pizante, 186 B.R. 484, 488 (9th Cir. B.A.P. 1995).

property in satisfaction of a 2006 mortgage was free and clear of liens grounded in the subordinate leases executed in 2007 and 2009? The answer is "no."

## DISCUSSION

11 U.S.C. § 363(f)(1) permits a bankruptcy trustee to sell property "free and clear of any interest in [that] property . . . if . . . applicable nonbankruptcy law permits the sale of the property free and clear of such interest."[4] Under Montana law, foreclosure of a senior mortgage terminates notified junior interest holders.[5] Foreclosure of the senior mortgage and sale of the property in satisfaction of the secured debt terminated lien interests of the junior lease holders and extinguished such interests. The letter and spirit of the requirements of 11 U.S.C. § 363(f)(1) were met.

## CONCLUSION

The Bankruptcy Court did not err. The 2007 Restaurant Lease and the 2009 Opticom Lease were subordinate to the foreclosed mortgage. The leases were extinguished when the property was sold to CHSP.

---

[4] 11 U.S.C. § 363(f)(1).

[5] *See Ruby Valley Nat'l Bank v. Wells Fargo Delaware Trust Co.*, 317 P.3d 174, 178 (Mont. 2014); *see also* Mont. Code Ann. § 70-21-302 (Every conveyance of real property properly recorded is constructive notice to subsequent purchasers and mortgagees).

4

**ORDER**

Judge Kirscher's Order and Memorandum of Decision of March 10, 2014, are AFFIRMED.[6]

DATED this 16th day of June, 2015.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[6] *See In re Spansih Peaks Holdings II, LLC,* Bankr. Case No. 12-60041, Docs. 856 and 857.

5